DR. WILLIAM H. MOTT v. DR. ALEXANDER S. WILLIAMS.

[No. 3-373A31. Filed July 31, 1973.]

*Jackie L. Shropshire, Douglas M. Grimes,* of Gary, for appellant.

*F. Laurence Anderson, Jr., Alton L. Gill, Jr.,* of Gary, for appellee.

SHARP, J.—On January 2, 1973 the Appellee, Alexander S. Williams, filed a complaint for injunction and prayed that Appellant, William H. Mott, be restrained from assuming the

duties of Lake County Coroner during the calendar year 1973. The Appellee alleged that calendar year 1973 represented the fourth year of a four year term as Coroner to which Appellee was elected in the 1968 General Election. The Appellant filed answer and cross-complaint based on quo warranto challenging Appellee's title to the office of Lake County Coroner. The case was tried on its merits and the trial court entered the following special findings of fact and conclusions of law:

"This cause having been submitted for trial without the intervention of a jury upon Plaintiff's Complaint for Injunctive Relief, Defendant's Answer to Plaintiff's Complaint, Defendant's Cross-Complaint for Quo Warranto, Plaintiff's Answer to Defendant's Cross-Complaint, Plaintiff's request for Special Findings of Facts and Conclusions of Law, and the only evidence being submitted was by way of stipulation of facts by both parties and the parties having agreed to maintain the status quo in the Coroner's office until the ruling on Defendant's Cross-Complaint, thus making Plaintiff's Complaint for Injunctive Relief moot, and the Court having heard arguments and having reviewed memorandum briefs filed by counsel for the respective parties and issues having been taken under advisement, the Court now makes and enters its Special Findings of Facts and Conclusions of Law, Judgment and Decree.

### SPECIAL FINDINGS OF FACT
### PURSUANT TO TRIAL RULE 52

1. The Court has jurisdiction of the persons of each of the parties to this action.

2. That Plaintiff Cross-Defendant, Alexander S. Williams has for more than 40 years continuously, last, past, and presently is a bona-fide resident and elector of Lake County, Indiana and eligible to hold the office of Coroner of Lake County, Indiana. (Stipulation No. 1)

3. That the Defendant Cross-Plaintiff, William H. Mott, has for more than 12 years continuously, last, past, and presently is a bona-fide resident and elector of Lake County, Indiana and eligible to hold the position of Coroner of Lake County, Indiana. (Stipulation No. 10)

4. That on the third day of November 1964 at a general election held on that date in Lake County, in the State of

Indiana, Plaintiff Cross-Defendant, Alexander S. Williams was duly elected Coroner of Lake County, Indiana. (Stipulation No. 2)

5. That on the second day of December 1964 Mathew [sic] Welsh then Governor of the State of Indiana issued a commission to said Plaintiff Cross-Defendant as Coroner of Lake County, Indiana. (Stipulation No. 7)

6. That on the 31st day of December, 1965 Plaintiff Cross-Defendant, Alexander S. Williams duly executed and properly filed bond as such as Coroner of Lake County, Indiana, and took the oath of office as required by law. (Stipulation No. 4)

7. That said, Alexander S. Williams, served as Coroner of Lake County, Indiana from the first day of January, 1966 to the first day of January, 1970. (Stipulation No. 5)

8. That on November 5, 1968 at a general election held on that date in Lake County, State of Indiana, Plaintiff Cross-Defendant, Alexander S. Williams was duly elected Coroner of Lake, County, Indiana. (Stipulation No. 6)

9. That on the 20th day of December, 1968 the Governor of the State of Indiana issued a commission to Plaintiff Cross-Defendant, Alexander S. Williams, as Coroner of Lake County, Indiana. (Stipulation No. 3)

10. That on the 31st day of December, 1968, Plaintiff Cross-Defendant, Alexander S. Williams duly executed and properly filed bond as such as Coroner of Lake County, Indiana and took the oath of Office as required by law. (Stipulation No. 8)

11. That Alexander S. Williams has served as Coroner of Lake County, Indiana from the first day of January, 1970 to the present date. (Stipulation No. 9)

12. That on the 7th day of November, 1972 at the general election held on that date in Lake County, Indiana, Defendant Cross-Plaintiff, William H. Mott, was duly elected Coroner of Lake County, Indiana. (Stipulation No. 11)

13. On the first day of December, 1972, Edgar D. Whitcomb then Governor of the State of Indiana issued a commission to said Defendant Cross-Plaintiff, William H. Mott, as Coroner of Lake County, Indiana. (Stipulation No. 12)

14. That on the second of January, 1973, the Defendant Cross-Plaintiff, William H. Mott, duly executed and filed bond as Coroner and took the oath of office as required by law. (Stipulation No. 13)

15. That the predecessor to Alexander S. Williams was Peter Stecy, who took office January 1, 1958 and again on January 1962. Each time for a four-year term. (Exhibit D of Stipulation.)

16. That the chronology of office holders of the Coroners of Lake County, Indiana from election in the year 1928 to the present date indicates the dates of election and completion and dates of taking office of each Coroner since that time. (Exhibit D of Stipulation.)

17. That the Indiana Constitution and amendents [sic] adopted in 1952 are silent with respect to when the Coroner should take office.

## CONCLUSIONS OF LAW

1. The law is with the Plaintiff Cross-Defendant, Alexander S. Williams.

2. That the commencement of the term of county coroner is not prescribed in the constitution of the State of Indiana.

3. That the legislature has the power to fix the time for the commencement of the office for the county coroner and has prescribed in Burns Indiana Statutes, annotated 49-207, I.C. 11604, 'The term of office of the . . . County Coroner . . . shall begin the first day of January, next following the term of office of the present incumbent.'

4. That the Plaintiff Cross-Defendant is the sole and lawful occupant of the office of Coroner of Lake County, Indiana until Midnight, December 31, 1973.

## JUDGMENT AND DECREE

Pursuant to and based upon the Special Findings of Facts and Conclusions of law as herein above, the Court now finds in favor of the Plaintiff-Cross-Defendant, Alexander S. Williams and that he has absolute right to retain possession of the office of Lake County Coroner until December 31, 1973.

It is further ordered, adjudged, and decreed that the Defendant Cross-Plaintiff takes nothing by his complaint."

This case was submitted to the trial court entirely by way of stipulations of fact and the parties responsibly agreed to maintain the status quo in the office of Lake County Coroner until the ruling on Appellant's Cross-Complaint.

It was stipulated that the following chronology exists with regard to the time of election and taking office of the Lake County Coroner since 1928:

"Elected

| year | Name | Party | Took Office |
|------|------|-------|-------------|
| 1928 | Albret A. Watts | Rep. | Jan. 1, 1930 |
| 1930 | Andrew Hofman | Dem. | Jan. 1, 1932 |
| 1932 | Andrew Hofman | Dem. | Jan. 1, 1934 |
| 1934 | J. Robert Doty | Dem. | Jan. 1, 1936 |
| 1936 | J. Robert Doty | Dem. | Jan. 1, 1938 |
| 1938 | John H. Zivich | Dem. | Jan. 1, 1940 |
| 1940 | John H. Zivich | Dem. | Jan. 1, 1942 |
| 1942 | J. Robert Doty | Dem. | Jan. 1, 1944 |
| 1944 | J. Robert Doty | Dem. | Jan. 1, 1946 |
| 1946 | J. Robert Doty | Dem. | Jan. 1, 1948 |
| 1948 | J. Joseph McGuan | Dem. | Jan. 1, 1950 |
| 1950 | J. Joseph McGuan | Dem. | Jan. 1, 1952 |
| 1952 | J. Joseph McGuan | Dem. | (*) Jan. 1, 1954 |
| 1956 | Peter Stecy | Dem. | Jan. 1, 1958 |
| 1960 | Peter Stecy | Dem. | Jan. 1, 1962 |
| 1964 | Alexander S. Williams | Dem. | Jan. 1, 1966 |
| 1968 | Alexander S. Williams | Dem. | Jan. 1, 1970 |
| 1972 | William H. Mott | Dem. | ———— |

(*Denotes when term of county coroner changed from two-year term to four-year term)
Public officials bonds of Peter Stecy and Alexander S. Williams on file in office of Lake County Recorder in Crown Point.
Public officials bonds of previous County Coroners on microfilm."

On December 20, 1968 Roger D. Branigin, Governor of Indiana, issued Appellee an official commission for the office of Coroner of Lake County and on December 1, 1972 Edgar D. Whitcomb, Governor of Indiana, issued a commission to Appellant for the same office.

As a result of the affirmative vote of the voters in the General Election on November 4, 1952, Article 6, Section 2, of the Constitution of Indiana, provides as follows:

§ 2. Designated county officers—Terms.—There shall be elected, in each county by the voters thereof, at the time of holding general elections, a Clerk of the Circuit Court, Auditor, Recorder, Treasurer, Sheriff, Coroner and Surveyor. The Clerk, Auditor, Recorder, Treasurer, Coroner and Surveyor shall continue in office four years; and no person shall be eligible to the office of Clerk, Auditor, Recorder, Treasurer or Coroner more than eight years in any period of twelve years: Provided, That the Treasurer of each county re-elected at the general election in 1952 shall continue in office until January 1, 1957 and shall not be eligible for re-election to the office of County Treasurer at the general election in 1956. (As amended November 4, 1952.)"

There is no doubt that said provision became effective when the polls closed on November 4, 1952 in the absence of an express provision for another effective date. But that in itself does not answer the question raised here. The clear intent of the quoted provision of Article 6, Section 2, was to change the terms of the offices specified, including coroner from a two year to a four year term. Neither does said amendment expressly provide when said four year term is to commence. It is undisputed that an orderly cycle for the commencing and ending the term of the office of coroner has existed in Lake County at least since 1928. The Appellant was unable to convince the trial court to disturb that cycle and likewise has not convinced this court. To interpret the provision of Article 6, Section 2, as the Appellant requests would require us to apply it retroactively to reduce the term of the incumbent coroner in 1952 by reducing his term by one year. Such a construction is unreasonable and would create unnecessary problems.

The following statute governs the time for the commencing of the terms of some offices, including coroner:

"49-207 (11604). County officers—Commencement of terms. The term of office of the county auditor, clerk of the circuit court, county sheriff, county recorder, prosecuting attorney, county assessor, county coroner, county surveyor and county commissioners, in each county in the state of Indiana, shall begin on the first day of January next following the term of office of the present incumbent."

We fail to see how Acts 1929, ch. 59, Section 1, IC 1971, 17-3-1-1, Ind. Ann. Stat. § 49-207 (Burns 1964), is in any way violative of Article 6, Section 2, of the Constitution of Indiana. In fact, § 49-207 is in accord with and properly supplemental to Article 6, Section 2. We also fail to see how the above described cycle of the times when the terms of the Lake County Coroner commence is in any way violative of the above statute.

We, therefore, hold that the above described cycle with regard to the commencement of the terms of the office of Lake County Coroner is consistent with Section 49-207.

Thus, the trial court properly held that Appellee was properly entitled to the office of Lake County Coroner during the calendar year 1973 and such decision is hereby affirmed.

Judgment affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 299 N.E.2d 181.